## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**JOEY McCUTCHEN and FELIX CURRY**                                    **PLAINTIFFS**

**v.**                                **CASE NO. 2:25-CV-2016**

**DALTON PERSON, Individually as President of**
**the Fort Smith Board of Education; and**
**FORT SMITH PUBLIC SCHOOL DISTRICT**                                **DEFENDANTS**

### <u>OPINION AND ORDER</u>

Plaintiff Felix Curry was employed by Defendant Fort Smith Public School District ("the District") as head football coach at Northside High School when, on November 22, 2024, he was informed that his contract would not be renewed. *See* Doc. 2, ¶ 8. A couple of weeks later, he was further informed by the principal of Northside High School that he was being reassigned to the student detention center. *See id.* at ¶ 9. Mr. Curry submitted a request to address the School Board at its next meeting. *See id.* at ¶ 10. His attorney, Plaintiff Joey McCutchen, received an email on December 11, 2024, informing him that Mr. Curry's request would be declined if he intended to address his employment situation, because he was "in the process of filing a grievance, and addressing the Board in advance would be improper." *See id.* at ¶ 11. Mr. McCutchen responded by asking that he (Mr. McCutchen) be placed on the agenda or listed as a member of the public to speak during the public comment period. *See id.* at ¶ 12. The District again refused, explaining:

> Joey, citizen participation is not a forum to address a personnel matter, especially when a grievance is being submitted. The grievance will need to proceed pursuant to District policy, with the ultimate appeal going to the Board. Just as it would be improper for Coach Curry to usurp this process by addressing the Board at this junction, it would be improper for his representative to speak on his behalf. So, if your intent is to address the Board regarding Coach Curry, or any other personnel matter, that will not be permitted.

1

*Id.* at ¶ 13.

Five days later, during the next School Board meeting, Mr. McCutchen attempted to address the Board during the public comment period of that meeting.  *See id.* at ¶ 20. The President of the School Board, Defendant Dalton Person, inquired of Mr. McCutchen whether he was counsel for Mr. Curry.  *See id.*  After Mr. McCutchen confirmed that he was, Mr. Person replied that Mr. McCutchen would not be permitted to speak and had Mr. McCutchen escorted from the podium by a police officer.  *See id.* at ¶¶ 21–22.

Mr. Curry and Mr. McCutchen filed this lawsuit against Mr. Person and the District on February 24, 2025.  Their Complaint (Doc. 2) brings two counts: one for a violation of their First Amendment rights under the United States Constitution, and the other for a violation of their Fourteenth Amendment rights.  Mr. Person and the District have filed a Motion to Dismiss (Doc. 9) the Complaint for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  That Motion has been fully briefed, *see* Docs. 10, 13–15, 17, and is ripe for decision.

To survive dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  In ruling, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party."  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation marks omitted).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

As an initial matter, the Court notes it is very unclear what precisely is the basis for Plaintiffs' Fourteenth Amendment claim.  The Complaint does not state, for example, that this claim is brought under any particular clause of the Fourteenth Amendment, such as the Due Process or Equal Protection clauses.  And the discussion underneath Count 2 in the Complaint frames this Count simply as being based on restrictions of Plaintiffs' speech, which would seem to be more in the vein of the First Amendment than the Fourteenth.  *See* Doc. 2, ¶¶ 27–30.  Furthermore, although Defendants' Motion seeks dismissal of Plaintiffs' entire Complaint, substantively both sides' briefing only addresses whether a First Amendment violation has occurred.  Given that "the Fourteenth Amendment makes the First Amendment's Free Speech Clause applicable against the States," *Manhattan Comm. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019), the Court will assume, as the parties apparently have, that Plaintiffs' Fourteenth Amendment claim is redundant or derivative of their First Amendment claim, and that the two claims rise or fall together.

The parties agree that the School Board meeting was what is referred to in First Amendment caselaw as a "limited public forum."  A governmental entity creates a limited public forum "by opening property limited to use by certain groups or dedicated solely to the discussion of certain subjects."  *See Christian Legal Soc. Chapter of the Univ. of Cal., Hastings College of the Law v. Martinez*, 561 U.S. 661, 679 n.11 (2010) (quotation marks omitted).  A governmental entity may restrict speech at a limited public forum without

running afoul of the First Amendment, so long as those restrictions are "reasonable and viewpoint-neutral."  *See Powell v. Noble*, 798 F.3d 690, 700 (8th Cir. 2015).

The School Board's Governance and Operations Policy specifically addresses the type of situation at issue in this case.  It states:

> District patrons wishing to have an item placed on the Board meeting's agenda must submit their requests, in writing to the Superintendent, at least five (5) days prior to the meeting of the Board.  . . .  Such requests may be accepted, rejected, or referred back to the individual for further clarification. . . .  No item shall be placed on the agenda that would operate to prejudice the Board concerning a student or personnel matter that could come before the Board for disciplinary or employment considerations or that is in conflict with other District Policy or law.  . . .  During regular meetings, the Board also may permit a total of up to fifteen (15) minutes for public comments. Individuals desiring to address the Board during this allotted time must sign up prior to the commencement of the meeting and provide the name of the presenter and subject matter of the comments to be offered.  . . .  The Board in its discretion may choose to lengthen the time for public comments or eliminate public comments altogether at any meeting.

(Doc. 2, pp. 39–40) (emphasis added).  The underlined portion above is critical here, because the same Policy manual states elsewhere[1] that the final step in the employee grievance process is that an unsatisfied employee "may appeal the Superintendent's decision to the Board," which "will address the grievance at the next regular meeting of the Board" by "immediately commenc[ing] a hearing on the grievance."  *See* Doc. 9, pp. 7–8.  That hearing "shall be open to the public unless the employee requests a private hearing," but at the conclusion of the hearing the Board's deliberations must be closed if

---

[1] Plaintiffs provided some, but not all, of the Policy manual as an exhibit to their Complaint. *See* Doc. 2, pp. 17–50.  Thus the Policy manual is a document that is "necessarily embraced by the pleadings," and the Court may consider the entire document when ruling on the Motion to Dismiss, including the portion addressing the employee grievance process which Defendants provided as an exhibit to their Motion. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).  Importantly, Plaintiffs have not disputed the authenticity of the portion provided by Defendants, and indeed they implicitly acknowledge its authenticity when addressing it in their Response. *See* Doc. 14, p. 4.

they are "deliberating the employment, appointment, promotion, demotion, disciplining, or resignation of the employee." *See id.* at 8.

In other words, Defendants' actions in this case were a straightforward application of the Board's preexisting written policies. Under those policies, Mr. Curry would eventually have the opportunity to address the Board about his employment, but only at the final stage of his grievance process if it was not previously resolved in his favor. But he would not be permitted to address the Board regarding this matter before that final stage in the process because doing so could "operate to prejudice the Board concerning a . . . personnel matter that could come before the Board for . . . employment considerations."

This policy is viewpoint-neutral. On its face, it applies without exception to all personnel matters that could subsequently come before the Board for employment consideration—not just to employees like Mr. Curry who are aggrieved by some action the District has taken against them. And, again, even for employees who have initiated a grievance process, the policy does eventually provide them the opportunity to speak on the topic with the Board at a public hearing if they wish to do so—just not at the particular time when Mr. Curry and Mr. McCutchen sought to do so here.

Plaintiffs point out that while the quoted section above prohibits this sort of matter from being "placed on the agenda," it technically does not contain any such prohibition with respect to the "public comment" period. Therefore, they argue, the policy was applied to them arbitrarily and inconsistently. The Court disagrees. Permitting an employee or his representative to speak during the "public comment" period on a matter that is expressly prohibited from being placed on the agenda would completely undermine the

5

purpose of that prohibition. Thus Defendants' decision to prohibit Plaintiffs from addressing the Board regarding Mr. Curry's employment during the "public comment" period was an application of this policy that preserved its consistency and effectuated its purposes. As such, the restrictions that were made on Plaintiffs' speech in this limited public forum were not only viewpoint-neutral, but also reasonable, serving the purpose of preserving the Board's ability to act as a neutral decisionmaker on personnel and employment matters that may eventually be brought before it. Accordingly, even accepting all the allegations in the Complaint as true, no First Amendment violation occurred here.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 9) filed by Defendants Dalton Person and the Fort Smith Public School District is **GRANTED**, and Plaintiffs' Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**. Judgment will enter concurrently with this Opinion and Order.

**IT IS SO ORDERED** on this 2nd day of June, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE